# In the United States Court of Federal Claims

BEAUVOI MORISSET,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

No. 23-1963 C

(Filed: January 19, 2024)

Beauvoi Morisset, Lynn, MA, pro se.

Laurel Havens, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER
### Granting the Government's Motion to Dismiss the Complaint

**SILFEN,** *Judge*.

    Beauvoi Morisset filed a complaint in this court seeking monetary relief from major media networks as well as the impeachment and incarceration of President Joe Biden and the incarceration of various other politicians. The government filed a motion to dismiss on the grounds that this court lacks subject matter jurisdiction over Mr. Morisset's claims. Mr. Morisset did not respond to the government's motion. This court does not have jurisdiction over any of Mr. Morisset's claims for monetary relief, indictment, or impeachment. Thus, this court **grants** the government's motion to dismiss and **dismisses** Mr. Morisset's complaint. The court **grants** Mr. Morisset's motion to proceed in forma pauperis.

**I.**     **Background**

    On November 6, 2023, pro se plaintiff, Beauvoi Morisset,[1] filed a complaint in this court seeking monetary damages from various major media networks, the impeachment and incarceration of President Joe Biden, as well as the incarceration of various other politicians for "up to 30" years. ECF No. 1. Mr. Morisset appears to argue that monetary relief is due from four major media networks for being "racist," for "fake news," and for "no election." *Id.* at 1, 3. Mr. Morisset's complaint also petitions Mitch McConnell, Nancy Pelosi, and Clarence Thomas to impeach President Biden. *Id.* at 2. He argues that President Biden "[m]ust surrender power to 'Justice people,'" be impeached or replaced under "section 4C," and jailed for "up to 30 years." *Id.* at 2-3. He asserts

---

[1] Mr. Morisset also refers to himself as "U.S.A. President Bo:bebup mega star," among other names. ECF No. 1.

1

that President Joe Biden must be replaced and arrested due to "plesurism [sic] illegal justice, chicken embezzlement taxpayers money" as well as being "too old to continue" and for having "earned too much money." *Id.* at 2. In addition, Mr. Morisset petitions this court to levy criminal charges against various politicians. He argues that "D. Trump" and others "of Republican Demagogy" should be arrested on the grounds that they "earned too much money," are "robbing [t]he tax payer money" and for "DOJ violations." *Id.* at 3. Mr. Morisset also applied to proceed in forma pauperis. ECF No. 2.

The government moved to dismiss the complaint for lack of jurisdiction under rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). ECF No. 7. The government argues that even with "considerable deference due to Mr. Morisset's pro se status," Mr. Morisset's complaint fails to articulate a claim that falls within this court's jurisdiction. *Id.* at 2.

Mr. Morisset had until December 29, 2023, to respond to the government's motion. Mr. Morisset still has not responded.

**II.    Discussion**

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). "Jurisdiction under the Tucker Act is exclusive in the Court of Federal Claims for claims above $10,000." *Kanemoto*, 41 F.3d at 644. The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

On a motion to dismiss under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If, at any time, the court determines that it lacks subject-matter jurisdiction over the action, it must dismiss the case. RCFC 12(b)(1), (h)(3); *see Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Pro se plaintiff pleadings are held to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court therefore has discretion to examine the pleadings and record "to see if [a pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Nonetheless pro se plaintiffs still have the burden to meet the preponderance of the evidence standard. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This court does not have jurisdiction over the subject matter of Mr. Morisset's complaint, even liberally construed.

First, this court does not have jurisdiction over Mr. Morisset's request for monetary relief from major news corporations. Although the relief he seeks is monetary, he seeks that money from media networks, which are private entities. This court does not have jurisdiction over private defendants. It only has the authority to entertain claims against the federal government. 28 U.S.C. § 1491; *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)).

Second, Mr. Morisset's claims for impeachment and indictment are nonmonetary claims that this court may not review as a general matter, nor do they qualify under one of the narrow exceptions to that rule. *See Kanemoto*, 41 F.3d at 644-45; *United States v. Testan*, 424 U.S. 392, 397-98 (1976). This court has no authority to impeach the President or to demand that members of Congress commence impeachment proceedings. The power to impeach the president lies exclusively with the House of Representatives. U.S. Const. art I, §3; *see also id.* at art. II, §4. This court also cannot review Mr. Morisset's requests to incarcerate various individuals. As "a court of specific civil jurisdiction," this court cannot "adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (affirming the dismissal by the Court of Federal Claims); *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981) ("[T]he high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court."). Thus, this court lacks the authority to adjudicate the nonmonetary claims Mr. Morisset raises.

Apart from the merits, Mr. Morisset did not respond to the government's motion to dismiss as required by Rule 7.2(b)(1), and the deadline to respond passed three weeks ago. The case could thus also be dismissed on procedural grounds for failing to litigate the case. RCFC 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."); *see e.g., Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (dismissing case for failure to prosecute when Whiting did not respond to the government's motion to dismiss); *Kadin Corp. v. United States*, 782 F.2d 175, 176-77 (Fed. Cir. 1986) (affirming dismissal of case of failure to prosecute).

### III. Conclusion

For the reasons stated above, the court **grants** the government's motion to dismiss and **dismisses** Mr. Morisset's complaint. The court **grants** Mr. Morisset's motion to proceed in forma pauperis. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

    s/ Molly R. Silfen
MOLLY R. SILFEN
Judge